## Case No. 13,638.

### In re SUTHERLAND.

[Deady, 344;[1] 1 N. B. R. 531 (Quarto, 140).]

District Court, D. Oregon. Jan. 11. 1868.

BANKRUPTCY—FORM 61—RULES OF COURT—ANSWERS—ADMISSIONS.

1. No. 61 of the forms of proceeding in bankruptcy, is merely a demand for a jury trial, and not an answer to the petition—it is neither a showing of cause nor an allegation by the respondent, and the denial contained in it, is to be taken as the mere recital by the clerk of a denial already and otherwise made by the respondent in his answer to the petition.

2. Whether the answer or plea of the respondent to the petition should be general or specific or verified or not, must depend upon the rules of the court in which the petition is pending.

[Cited in Re Findlay, Case No. 4,789.]

3. The general rule of this court being that answers must be specific and verified, and the true object of pleading in any case being to narrow the controversy to the point really in dispute. no greater latitude ought to be allowed the defence in bankruptcy in this respect, than in ordinary actions and suits.

4. Where a petition alleged that the respondent, with knowledge of his insolvency, confessed two judgments in favor of third persons with intent to give a fraudulent preference to such persons, and the answer of the respondent tacitly admits the confession of said judgments and insolvency, but denies that the same were confessed "with any fraudulent intent or with the fraudulent intent to give a fraudulent preference:" *Held*, that the issue taken by the answer upon the word fraudulent in the petition was an immaterial one, and that a confession of judgment by an insolvent debtor necessarily gave a preference to the creditor in such judgment and ought therefore, in the absence of sufficient allegation of proof to the contrary, to be presumed to have been so intended.

[Cited in Re Seeley. Case No. 12,628.]

5. Where the respondent by his answer admits, that being insolvent, he confessed a judg-

ment in favor of one of his creditors, but denies that he thereby fraudulently intended to give such creditor a fraudulent preference, there is an affirmative implication that such judgment was confessed with intent to give a preference, and the petitioner is entitled to judgment on the pleadings.

[Cited in Re Ryan, Case No. 12,183; Catlin v. Hoffman, Id. 2,521; Corbett v. Woodward, Id. 3,223.]

6. In effect, the bankrupt act, § 39 [14 Stat. 536], prohibits an insolvent debtor from giving any preference for any reason to any creditor, upon pain of being declared a bankrupt therefor, on the petition of his other creditors.

[Cited in Re Gallinger, Case No. 5,202; Silverman's Case, Id. 12,855; Vogle v. Lathrop, Id. 16,985; Re Lord, Id. 8,503.]

On November 30. 1867, certain creditors of Robert Sutherland filed a petition in bankruptcy against him, charging him with the commission of divers acts of bankruptcy, alleged to have been committed on and after November 19, 1867, and praying that said Sutherland be declared a bankrupt. On the filing of the petition an order was entered, requiring the respondent to show cause on the first Monday in January, proximo, why the prayer of the petition should not be allowed. On January 1, 1868, the respondent filed a paper in the words of "form No. 61" of the prescribed "forms of proceeding in bankruptcy," signed by himself and solicitor, but not by the clerk, and also a special answer to the petition verified by his own oath. At the time appointed for showing cause, the parties appeared, and the petitioners moved for judgment on the pleadings, and the respondent for an order setting down the cause for trial by jury, as demanded in the paper filed by him.

J. W. Whalley and M. W. Fechheimer, for petitioners.

David Logan, for respondent.

DEADY, District Judge. The petitioners' motion for judgment, assumes that form No. 61, entitled "Denial of Bankruptcy and Demand for Jury by Debtor" is simply a rule entered by the clerk, at the instance of the debtor, for a jury trial; and that the statement therein, that the respondent "appears and denies that he has committed the acts of bankruptcy set forth in said petition, and avers that he should not be declared a bankrupt for any cause in said petition alleged," is a mere recital, which is based upon, and presupposes, that the debtor has shown cause why he should not be adjudged a bankrupt, by filing an answer or plea to the allegations of the petition. Sections 40, 41, of the bankrupt act, provide that upon the filing of the petition. "the court shall direct the entry of an order requiring the debtor to appear and show cause, * * * why the prayer of the petition should not be granted," and that, upon the day appointed to show cause, "the court shall proceed summarily to hear the allegations of petitioner and debtor, * * * and shall, if the debtor

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

on the same day so demand in writing, order a trial by jury, at the first term of the court at which a jury shall be in attendance, to ascertain the fact of such alleged bankruptcy."

An allegation is the statement by a party of his cause of action or defence. To show cause is to make appear, to give a reason. From the well understood signification of these terms, and the nature of the proceeding, I infer, that the act intends, that on the day appointed to show cause, the respondent shall appear and plead to the petition—that is, answer it in writing. In Re Drummond [Case No. 4,093], it appears that the respondent "filed a plea denying the charges" in the petition. As at present advised, I must decide that the paper filed in the words of form No. 61, is merely a demand for a trial by jury, and not an answer to the petition. It is neither a showing of cause nor an allegation by the respondent, and the statement contained in it concerning the denial by the respondent of the acts of bankruptcy alleged in the petition, must be construed as a recital by the clerk, of a denial already and otherwise made by the respondent;—and this recital is made for the purpose of showing on the face of the entry, that it is authorized by what has preceded it—the filing of an answer to the petition controverting the allegations therein contained. Whether this answer ought to be general or specific, or verified or not, must depend, as it appears to me, upon the general rules of the court wherein the petition is pending, in regard to pleadings, or any special rule which may be made therein concerning pleadings in bankruptcy. The general rule of this court requires that answers or pleadings by the defendant, shall be both specific and verified. No good reason is perceived or suggested, why any greater latitude in pleading should be allowed the defence in a petition in bankruptcy, than in ordinary actions and suits. In either case, the true object of pleading is the same—to narrow the controversy to the point really in dispute between the parties. To allow the respondent to controvert the allegations of the petition by the entry of a rule or order with the clerk, or a general unverified answer, would often, if not always, impose upon the petitioner the unnecessary and burdensome trouble and expense of proving that which the respondent well knew to be true, and which he would not deny under oath.

In considering the motion for judgment, the denial recited in the demand for a jury trial, will be laid out of view as immaterial, and the only question is whether the answer admits sufficient to authorize the court to give judgment, pronouncing the respondent a bankrupt. Among other things, the petition alleges that the respondent, on November 19, 1867, then and prior thereto, well knowing that he was insolvent, confessed two judgments in favor of third persons, with intent to give a fraudulent preference to such persons over his other creditors. The answer tacitly admits the confession of the judgments and the insolvency of the respondent, but denies that such judgments were confessed "with any fraudulent intent, or with the fraudulent intent to give a fraudulent preference" to the creditors therein. This traverse, as to the intent with which the judgments were confessed, is too broad. Although the petition alleges that the intent was to give a fraudulent preference, the allegation is surplusage, and not traversable. The bankrupt act (section 39) does not use the word fraudulent in this connection. It declares that an insolvent debtor who confesses a judgment "with intent to give a preference to one or more of his creditors, shall be deemed to have committed an act of bankruptcy." The manifest object of the act is to secure an equal distribution of the property of an insolvent debtor among his creditors; and to this end it is made an act of bankruptcy for such debtor to prefer one creditor over another, without reference to the question whether such preference would otherwise be considered fraudulent or not.

The petition in this case, and the answer following it, seem to have been drawn upon the theory that a confession of judgment by an insolvent is not an act of bankruptcy unless it was done, not only with an intent to prefer the creditor in such judgment, but also with a special intent to defraud the other creditors. Now, section 39 of the act makes the confessing of a judgment by an insolvent "with an intent to give a preference to one or more of his creditors. * * * or to defeat or delay the operation of the act," an act of bankruptcy, whether there was any special or distinct purpose to thereby defraud the other creditors or not. The fact is, and so the act seems to assume, that the giving of such a preference necessarily operates as a fraud upon the other creditors, because it must, if allowed, deprive them of their just proportion of the insolvent's assets. But the intent to prefer being made an ingredient in the act of bankruptcy, ought to be alleged in the petition and may be denied in the answer. Still, unless it appears that the judgment was confessed in ignorance of the respondent's insolvency, or otherwise, so that it could have been done without intending to give a preference, the intent to prefer is a necessary inference from the premises. In Re Drummond, supra, the court says: "Now, it is a rule that every sane man is presumed to intend the probable consequences of his voluntary act. The consequence of this transfer by Drummond of all his property to a portion of his creditors, was not only that it would probably give them a preference, but that it would necessarily and certainly produce that effect. He must have known that this consequence would follow that act, and he must, therefore, be conclusively presumed to have in-

tended it. In so doing, he committed an act of bankruptcy, and a judgment that he is a bankrupt must follow."

[It is also true, that, in this case, the intent with which the transfer was made by Drummond appears to have been averred in the pleadings, but if, in the language of the court, that intent "must be conclusively presumed" from the fact of the transfer under the circumstances, it cannot legitimately be the subject of a distinct issue in the pleadings. The fact being established, only one consequence can follow it, and that the law conclusively presumes was intended. What the law conclusively presumes, cannot be controverted either by pleading or proof. The views upon the question of intent are advanced suggestively, and subject to correction upon further argument and investigation in future cases that may arise. The present motion may be satisfactorily decided, upon the construction of the law, that a confession of judgment by an insolvent, to constitute an act of bankruptcy, must be with intent to prefer one creditor over another, and that such intent must be averred in the petition and may be controverted by the debtor.][2]

Here, as has been said, the answer tacitly admits the insolvency of the respondent and his knowledge of it at the time he confessed the judgments. This being so, the necessary consequence of the respondent's act was to give a preference to the creditors in the judgment. The answer, even if it contained an explicit denial of the intent to prefer, admits the case stated in the petition, because it admits the facts, and alleges nothing in avoidance or to the contrary, which conclusively prove that a preference was in fact necessarily given. This necessary consequence of the respondent's conduct in the premises, the law, in the absence of sufficient allegation or proof to the contrary, presumes was by him intended. But the answer only denies that the judgments were confessed with a fraudulent intent to give a fraudulent preference. This kind of negative allegation involves what the books call an affirmative implication that the judgments were confessed with an intent to give a preference, though not a fraudulent one. This is an implied admission that a preference was intended to be given by the respondent. The act (section 39) in effect prohibits an insolvent debtor from giving any preference, for any reason, to any creditor, upon pain of being declared a bankrupt therefor, on the petition of his injured creditors.

[So it may, for the purpose of argument, be taken for granted that this denial of the debtor is true in point of fact—that he did not fraudulently intend to give a fraudulent preference, and yet as it impliedly admits that the act complained of was done with

an intent to give a preference, it is insufficient.][2]

The petitioners are entitled on the pleadings to have the respondent adjudged a bankrupt. Judgment accordingly.

---

[2] [From 1 N. B. R. 531 (Quarto, 140).]

